Davis v. Bayliss.

## DAVIS v. BAYLISS ET AL.

1. **Replevin:** PROPERTY LEFT WITH DEFENDANT: INJUNCTION.  Where, in an action of replevin, the sheriff left the property with defendant, taking a receipt therefor, and the plaintiff afterward obtained an alternative judgment, under which he caused execution to be levied upon the property of defendant, *held*, that the latter was not entitled to an injunction restraining the sale, upon the ground that the property replevied had been in his actual possession since the commencement of the action of replevin.

*Appeal from Linn District Court.*

FRIDAY, JUNE 13.

THE defendant Edwin Bayliss commenced an action of replevin against the plaintiff for the recovery of five Massillon harvesters.  The writ of replevin was duly issued, and the sheriff, instead of taking the actual possession of the harvesters and delivering them to Bayliss, the plaintiff in the replevin suit, left them in possession of said Davis and took from him a receipt therefor, in substance as follows:

"Received from Edwin Bayliss the property described in said writ of replevin, in the case of *Edwin Bayliss v. A. K. Davis,* five Massillon harvesters.

[Signed]                              "A. K. DAVIS,

"By his attorney, J. B. YOUNG."

The following is the substance of the return made by the sheriff upon the writ of replevin:

"Received the within writ September —, 1875, and on the same day, in the city of Marion in said county, I served the same by taking possession of the personal property described within, placing the defendant in possession, by the defendant giving a receipt for the same which is hereto attached."

The said action in replevin was tried, and on the 3d day of November, 1876, the following proceedings were had:

"And now on this day this cause comes up for hearing on motion for a new trial, and the court, having heard the arguments of counsel thereon, and the plaintiff having remitted the damages, the motion is overruled by the court, to which the defendant by his counsel excepts. Judgment is, therefore, entered by the court, on the verdict of the jury for the plaintiff, and against the defendant A. K. Davis for the possession of the property or value thereof, *at the election of plaintiff,* which is assessed by the jury at six hundred dollars, and the costs of this action taxed at ———— dollars and ———— cents, to all of which defendant excepts."

From this judgment an appeal was taken to this court, and the judgment was affirmed at the December Term, 1877. See 47 Iowa, 340.

At the April Term, 1878, Davis filed a motion in the court below to satisfy and discharge of record the judgment theretofore rendered. The motion was heard upon affidavits, both parties appearing thereto, and the court overruled the same.

In May, 1878, the said Bayliss caused a general execution to issue upon said judgment for the collection of the sum of six hundred dollars and costs. The sheriff levied upon cer-

tain real estate, the property of said Davis, and advertised the same for sale to satisfy said execution.

Thereupon Davis commenced this action in equity to restrain the sale of said real estate, claiming that the five Massillon harvesters were in the possession of Bayliss at the time the judgment was entered, and the same have been and are now in his possession; and that said judgment, so far as it relates to the value of said harvesters, is inoperative and void, because the said Bayliss is in the possession of said property, which is a satisfaction of the judgment. The cause was tried to the court. Upon a full hearing the plaintiff's petition was dismissed at his costs. Plaintiff appeals.

*J. B. Young*, for appellant.

*J. D. Griffin*, for appellee.

Rothrock, J.—It appears from the evidence that the plaintiff, Davis, has been in the actual possession of the harvesters since the commencement of the action in replevin, and that he now has such possession. It is true, after the judgment of the court below was affirmed in this court, he offered to deliver the possession of the property to the sheriff, and he paid the costs of the action, and claims that since the service of the writ of replevin he has only held possession as the bailee of Bayliss. We think he is too late in making such claim. If Bayliss was in possession of the property by virtue of the writ of replevin, at the time the alternative judgment was rendered, the objection to the judgment should then have been presented. If such objection had been interposed, and it had been made to appear that Bayliss had the possession, we have no doubt the judgment would have been merely one confirming his title. But no such question was raised in the court below, nor in this court, and it seems to us the plaintiff is putting himself in the position of electing to deliver the property to Bayliss, rather than allowing the latter to elect whether he will take

1. REPLEVIN: property left with defendant: injunction.

the money judgment or the property. That he has the option to have execution for the property, or for the value thereof as determined by the jury, is plainly provided in section 3241 of the Code.

The taking of a receipt for property by the sheriff, from a defendant in an action for replevin, is unknown to the statute. By the Code, § 3234, the sheriff having taken posession of the property is required to deliver it to the plaintiff. It is true the defendant may retain possession by executing a bond with sureties as provided by section 3235. The return of the sheriff and the receipt attached thereto were not correct. He did not take actual possession. The actual possession never changed. When the court enters a judgment for the plaintiff in replevin, and it appears that the defendant is in the actual possession of the property, the alternative judgment is proper. At least, if there is any arrangement between the parties by which the possession of the defendant is to be held as the possession of the plaintiff, such claim should be made when the judgment is rendered.

It appears from the evidence in this case that the receipt was taken by the sheriff upon his own motion. He testified as follows: "I never delivered the property to plaintiff, and never got any authority from him to take a receipt of that kind." And there is nothing in the record to show that Bayliss ever ratified the act of the sheriff in taking the receipt. Indeed, it appears by implication, at least, that he did not ratify such act, for he took the alternative judgment, and reserved the right to elect which he would pursue, the property or its value.

AFFIRMED.